UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 12-224(DSD/JSM)

American Family Insurance
Company, State Farm Fire and
Casualty Company, and Western
National Mutual Insurance Company,

      Plaintiffs,

v.                                                 **ORDER**

Zurn Industries, LLC, f/k/a
Zurn Industries, Inc.,

      Defendant.

    Steven Theesfeld, Esq., Anamarie Reyes Kolden, Esq. and Yost & Baill, LLP, 2050 U.S. Bank Plaza South, 220 South Sixth Street, Minneapolis, MN 55402, counsel for plaintiffs.

    Margaret A. Mullin, Esq., Dale O. Thornsjo, Esq. and Johnson & Condon, P.A., 7401 Metro Boulevard, Minneapolis, MN 55439, counsel for defendant.

    This matter is before the court upon the motion to dismiss by defendant Zurn Industries, LLC (Zurn). Based on a review of the file, record and proceedings herein, and for the following reasons, the court denies the motion.

**BACKGROUND**

    This product-liability action arises from the manufacture of brass fittings by Zurn for residential plumbing systems. Plaintiffs American Family Insurance Company (American Family), State Farm Fire and Casualty Company (State Farm) and Western

National Mutual Insurance Company (Western National) assert claims as subrogees based on payments provided to numerous individual policyholders. Compl. ¶¶ 9-11. American Family, State Farm and Western National allege damages in the amount of $142,503.86, $180,662.30 and $11,030.72, respectively.[1] Id. ¶ 12.

On January 27, 2012, plaintiffs filed suit alleging negligence, failure to warn, breach of express and implied warranties and strict liability. Defendants move to dismiss for lack of subject-matter jurisdiction.

## DISCUSSION

Federal courts are courts of limited jurisdiction, and subject-matter jurisdiction is a threshold inquiry for all actions. See Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991); see also Fed R. Civ. P. 12(h)(3). Diversity jurisdiction under 28 U.S.C. § 1332 requires that the matter in controversy exceed $75,000, exclusive of interest and costs, and that complete diversity of citizenship exist between the parties.[2] "Although the sum claimed by the plaintiff in good faith is usually dispositive, it does not control where it appears to a legal certainty [that] the plaintiff's claim is actually for less than the jurisdictional

---

[1] Western National does not allege damages in excess of the jurisdictional amount, and agrees to dismissal and remand to state court. Pls.' Mem. Opp'n 2 n.1.

[2] Zurn does not dispute that complete diversity exists.

amount." Schubert v. Auto Owners Ins. Co., 649 F.3d 817, 822 (8th Cir. 2011) (citations omitted).

Zurn first argues that two or more plaintiffs may not aggregate claims for purposes of satisfying the jurisdictional amount unless their claims share a common and undivided interest. See Ahmed v. GCA Servs., Inc., 249 F.R.D. 322, 325 (D. Minn. 2008) (citation omitted). Here, however, American Family and State Farm do not attempt to aggregate their claims. Rather, each subrogee insurer individually pleaded damages in excess of the jurisdictional amount, and thus the reasoning of Ahmed is inapplicable in the present action.

Zurn next cites Lynch v. Porter, 446 F.2d 225, 226-27 (8th Cir. 1971), for the proposition that a plaintiff may not aggregate claims when suing in different capacities. Lynch is inapposite, however, because plaintiff insurers are not attempting to sue in different capacities. See id. (explaining that plaintiff could join two derivative claims, but not a derivative claim and a claim on his own behalf as beneficiary). Instead, each plaintiff brings claims in only one capacity – that of a subrogee. Moreover, a real party in interest "may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). In other words, a subrogee insurer may aggregate its own claims to satisfy the amount-in-controversy determination. Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc., 74 F. Supp. 2d

221, 238 (E.D.N.Y. 1999) (citing United States v. Aetna Cas. Surety Co., 338 U.S. 366, 379 (1949)) (collecting cases).

Zurn next argues that aggregation is improper because a subrogee is entitled to no greater rights than the subrogated. See Emp'rs Liab. Assurance Corp. v. Morse, 111 N.W.2d 620, 624 (Minn. 1961). This principle, however, is best applied in the context of substantive claims, as opposed to procedural rights. See, e.g., State Farm Mut. Auto. Ins. Co. v. Hyundai Motor Co., No. 01-627, 2001 WL 1640044, at *2 (D. Minn. Nov. 20, 2001) ("In other words, State Farm gains only those *claims* against Hyundai that Mr. Lindgren potentially had against Hyundai.") (emphasis added); Schwickert, Inc. v. Winnebago Seniors, Ltd., 680 N.W.2d 79, 87 (Minn. 2004) ("Generally, where an insured has provided a full release to the tortfeasor before the insured makes payment under the policy, the insured's right of subrogation is eliminated." (citation omitted)); Emp'rs Liab. Assurance Corp., 111 N.W.2d at 624 ("[I]f liability to [subrogated] was excluded by the lease, [subrogee] has no greater rights to recover than [subrogated] had."). Therefore, plaintiffs may aggregate their claims to satisfy the jurisdictional amount.[3]

---

[3] Zurn argues that even if subject-matter jurisdiction exists, courts have discretion to disaggregate claims in the interest of administrative efficiency. At this stage in the proceedings, such a determination is not possible.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendant's motion to dismiss [ECF No. 7] is denied.

Dated:  July 5, 2012

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court
